# United States Court of Appeals for the Federal Circuit

---

**MIGUEL P. REYES,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1717

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-13-0153-C-1.

---

Decided: November 21, 2025

---

JEFF T. SCHRAMECK, Schrameck Law, PLLC, Canton, MI, argued for petitioner.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, PROST and TARANTO, *Circuit Judges*.

PROST, *Circuit Judge*.

Miguel P. Reyes petitions from a final decision of the Merit Systems Protection Board ("Board") dismissing his petition for enforcement ("PFE") as untimely. *Reyes v. Dep't of Veterans Affs.*, No. SF-0752-13-0153-C-1, 2024 WL 800254, at \*1 (M.S.P.B. Feb. 26, 2024) ("*Final Decision*") (adopting the initial decision, *Reyes v. Dep't of Veterans Affs.*, No. SF-0752-13-0153-C-1, 2018 MSPB LEXIS 2116 (June 11, 2018) ("*Initial Decision*"), as the Board's final decision). For the reasons below, we reverse and remand.

## BACKGROUND

Mr. Reyes worked as a police officer with the Department of Veterans Affairs ("VA") at the VA Central California Healthcare System ("CCHCS"). In 2012, the VA removed him from his position, and he appealed to the Board. In 2013, Mr. Reyes entered into a settlement agreement with the VA, resolving his appeal. As a result, the Board dismissed his appeal as settled and entered the settlement agreement into its record for enforcement. Under the settlement agreement, the VA would provide Mr. Reyes with a neutral employment reference as follows:

> The CCHCS Director (or that person's specific designee) will provide to Mr. Reyes a letter regarding Mr. Reyes, stating only dates of employment, job title, and, that it is the policy of the CCHCS to give only this information, and that Mr. Reyes's employment at CCHCS ended due to resignation. The parties further agree that the contents of the letter referenced herein shall be in the form and contain the information set forth in Exhibit "A" to the Agreement. . . . For a period of six months, if the CCHCS Director (or that person's specific designee) receives an employment inquiry concerning Mr. Reyes, the response will be to provide the same information as is contained in Exhibit "A" to the Agreement. After the six month period has passed, Mr. Reyes will be obligated to refer any reference

to the CCHCS's Human Resources Management
Service.

J.A. 85.

In January 2018, Mr. Reyes filed a PFE of the settlement agreement with the Board, arguing that the VA breached the settlement agreement. He alleged that in 2016, he received a conditional job offer for a Department of Homeland Security ("DHS") law enforcement specialist position that was subject to completion of a satisfactory background investigation by the Office of Personnel Management ("OPM"). In June or July of 2016, he informed the OPM investigator that he voluntarily resigned from the VA, but the investigator indicated that OPM knew there were issues surrounding his separation from the VA. Mr. Reyes received a copy of the OPM background investigation in November 2016, and it reported that the VA Human Resources ("HR") officer told OPM that "per a binding legal agreement, [she] was only allowed to release [Mr. Reyes's] dates of employment." J.A. 182. In June 2017, DHS requested clarification of his termination with the VA, and he responded by sending a copy of the settlement agreement. Mr. Reyes received a letter from DHS in September 2017, revoking his conditional job offer. He subsequently sought legal counsel, which he obtained in December 2017. On January 10, 2018, through his counsel, Mr. Reyes informed the VA of the alleged breach and that he would file a PFE on or after January 17, 2018, if he received no response. He filed his PFE on January 18, 2018, after receiving no response from the VA. Mr. Reyes argued that the VA HR officer's disclosure to OPM of a binding legal agreement violated the terms of the settlement agreement and caused him to lose his DHS employment opportunity.

The VA moved to dismiss Mr. Reyes's PFE, arguing that the PFE was untimely filed and that the VA complied with the settlement agreement. On June 11, 2018, the

administrative judge ("AJ") issued an initial decision, dismissing the PFE as untimely.[1]  *Initial Decision*, 2018 MSPB LEXIS 2116, at *14.  The AJ found that Mr. Reyes became aware of the alleged breach in November 2016 when he received a copy of the OPM background investigation.  The AJ deemed Mr. Reyes's fourteen-month "delay unreasonable under the circumstances presented." *Id.* at *12.

Mr. Reyes filed a petition for Board review of the initial decision.  The Board denied his petition for review and affirmed the AJ's initial decision, which became the Board's final decision. *Final Decision*, 2024 WL 800254, at *1.  The Board determined that "[e]ven if [it] were to accept as true [Mr. Reyes's] argument that he did not have 'actual knowledge' of the agency's purported breach of the agreement until he suffered the consequences of the breach, when his pending job offer from the [DHS] was rescinded in September 2017, [it] would still find that [Mr. Reyes's PFE]—filed nearly 4 months later—was not filed within a reasonable amount of time after he learned of the purported breach."  *Id.* at *1 n.2.  The Board stated that "[o]ther than asserting that he was waiting until he had secured legal counsel to file a petition for enforcement, [Mr. Reyes] has not offered any explanation for his untimeliness." *Id.*

Mr. Reyes timely petitioned this court for review.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures

---

[1]    Because the AJ dismissed the PFE as untimely, he did not address whether the VA breached the settlement agreement.

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *See* 5 U.S.C. § 7703(c). The petitioner bears the burden of establishing reversible error in the Board's final decision. *Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 953 (Fed. Cir. 2020). We review the Board's legal decisions de novo and its findings of fact for substantial-evidence support. *McIntosh v. Dep't of Def.*, 53 F.4th 630, 638 (Fed. Cir. 2022).

"Any party may petition the Board . . . for enforcement of the terms of a settlement agreement that has been entered into the record." 5 C.F.R. § 1201.182(a). "[A]n enforcement petition alleging a breach of a settlement agreement must be filed within a reasonable amount of time of the date the petitioning party becomes aware of a breach of the agreement." *Kasarsky v. MSPB*, 296 F.3d 1331, 1335 (Fed. Cir. 2002).

On petition to this court, Mr. Reyes argues that the Board erred in its timeliness decision. He contends that he should not be penalized for waiting to identify an actual harm before filing a PFE. Specifically, he submits that while he learned of the VA HR officer's disclosure in November 2016, it was not until DHS revoked his conditional offer in September 2017 that he recognized that the disclosure had a harmful effect. The Board responds that Mr. Reyes had actual knowledge of the alleged breach in November 2016 and that the Board properly determined that his fourteen-month delay was unreasonable. We agree with Mr. Reyes that the Board erred in dismissing his PFE as untimely.

We first note that our decision here is limited to the context of settlement agreements with no set PFE filing time limits. The only standard is reasonableness of the time periods. Our decision has no bearing on cases concerning specifically set filing time limits and any good-cause requirements for delays beyond the set time limits.

We next turn to the Board's decision. We conclude that Mr. Reyes filed his PFE within a reasonable amount of time. First, the ten-month period—from November 2016 to September 2017—was reasonable. "The reasonableness of the time period depends on the circumstances of each case." *Kasarsky*, 296 F.3d at 1335. Here, the fact that Mr. Reyes waited until he knew there was harm from the alleged breach was not unreasonable. He already had a conditional job offer from DHS and he had no reason to know in November 2016 that the alleged breach would lead to revoking his offer. He had suffered no harm on which to base a claim. Mr. Reyes only learned of the harm from the alleged breach in September 2017 when DHS revoked his conditional job offer. Under the circumstances, it was not unreasonable for him to file his PFE only after he learned of the harm. Thus, even if we agree with the Board that Mr. Reyes became aware of the alleged breach in November 2016, the ten-month period until September 2017 was reasonable.

Second, the four-month period—from September 2017 to January 2018—was also reasonable. Contrary to the Board's decision, Mr. Reyes did not only seek counsel during the four months. *See Final Decision*, 2024 WL 800254, at *1 n.2. Instead, once Mr. Reyes retained counsel in December 2017, he contacted the VA through his counsel the very next month. He then filed the PFE eight days later, after receiving no response from the VA. Indeed, the Board has previously determined that a four-month period that included contacting the agency was reasonable. *See, e.g.*, *Phillips v. Dep't of Homeland Sec.*, 118 M.S.P.R. 515, 520 (2012); *Bostick v. Dep't of Health & Hum. Servs.*, 63 M.S.P.R. 399, 402 (1994).

Accordingly, we determine that Mr. Reyes filed his PFE within a reasonable amount of time of the date he became aware of the alleged breach. We therefore reverse the Board's decision and remand for further proceedings.

REYES v. MSPB                                                    7

## CONCLUSION

We have considered the Board's remaining arguments and find them unpersuasive. For the foregoing reasons, we reverse the Board's decision and remand for further proceedings.

### REVERSED AND REMANDED

## COSTS

Costs to Petitioner.